UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tommie Dawson,

    Plaintiff,

v.

Wells Fargo Corporation,

    Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 11-2456 (MJD/JJG)

_____

    Plaintiff is *pro se.*

    Andrea D. Kiehl, Ogletree, Deakins, Nash, Smoak & Steward, P.C., Counsel for Defendant.

_____

    This matter is before the Court on Defendant Wells Fargo Corporation's ("Wells Fargo") motion to dismiss and Plaintiff's motion to enter default judgment.

**INTRODUCTION**

    Plaintiff filed a complaint against Wells Fargo on August 26, 2011 in which he asserts claims of racial discrimination, breach of contract, defamation, forgery, fraud and wrongful termination. He alleges that he filed a complaint with the EEOC on July 14, 2009 and received a Right To Sue letter on or about April 8,

1

2011. (Complaint ¶ 2.) He seeks damages under Title VII, 42 U.S.C. §§ 1981 and 1983.

He alleges that he was hired as a personal banker by Wells Fargo on or about August 8, 2011[1]. (Comp. ¶ 11.) He was supervised by Marion Anderson. (Id. ¶ 12.) Plaintiff alleges that Anderson treated him in an arbitrary manner and singled him out for harsh and unwarranted criticism. (Id. ¶ 13.) He alleges that white employees in similar positions were required to meet lower expectations. (Id.) On April 13, 2009, Anderson stated to Plaintiff "there is something about you I don't like" and then set about on a course of conduct intended to deprive Plaintiff of his employment. (Id. ¶ 14.) Throughout his employment with Wells Fargo, Plaintiff alleges that he was harassed, humiliated and disparaged by Anderson. (Id. ¶ 17.) Plaintiff alleges that Anderson also created false employment records to deprive Plaintiff of his employment on June 1, 2009. (Id. ¶ 20.) On July 14, 2009 he filed a claim of discrimination with the EEOC, but the claim was dismissed due to Wells Fargo stating Plaintiff had failed to meet sales goals. (Id. ¶ 21.) Plaintiff further alleges that Wells Fargo forged and falsified a

---

[1]This date is most likely incorrect - as the Right to Sue Letter is dated April 8, 2011, a copy of which has been submitted and is part of the record. In addition, other allegations in the complaint refer to dates in 2009.

2

disciplinary warning document dated May 13, 2009.  (Id. ¶ 22.)

Wells Fargo signed and returned an Acknowledgment of Receipt of Summons and Complaint By Mail on January 18, 2012. [Doc. No. 7.]   In lieu of filing an Answer, Wells Fargo filed a motion to dismiss on January 31, 2012.  On February 6, 2012, Plaintiff filed a motion for default judgment.

**MOTION FOR DEFAULT JUDGMENT**

Plaintiff moves for default judgment pursuant to Minn. R. Civ. P. 4 (e)(1).  That Rule does not relate to default judgments, however.  Construing the motion as pursuant to Rule 55 of the Federal Rules of Civil Procedure, the Court finds that the motion must be denied as Wells Fargo timely filed a responsive pleading.

Plaintiff asserts that Wells Fargo was served on November 25, 2011 and on January 5, 2012.  He further asserts that on or about December 28, 2011, counsel for Wells Fargo called him and asked if he would grant Wells Fargo 45 days to respond if Wells Fargo executed and returned the acknowledgment by mail.  Plaintiff did not respond to counsel's request.  Plaintiff further asserts that he was informed by the Pro-Se director that Wells Fargo would acknowledge and submit an answer within 21 days of January 25, 2012.

It is Plaintiff's position that Wells Fargo was to return the acknowledgment

3

part of the form within 20 days from November 25, 2011, or else file an answer or motion to dismiss within 21 days from November 25, 2011 or January 5, 2012.

Wells Fargo asserts that on or about December 5, 2011, the Wells Fargo AA/EEO department received a Notice and Acknowledgment of Receipt of Summons and Complaint By Mail, which was signed by the U.S. Marshal's Service on November 25, 2011. (Kiehl Aff. ¶ 2, Ex. A.) To accept service by mail, the acknowledgment required a signature and return within 20 days. (Id.) See also Minn. R. Civ. P. 4.05. The acknowledgment was forwarded to Wells Fargo's legal department and then to outside counsel. (Id. ¶ 4.) Outside counsel contacted Sharda Falk at the U.S. Marshal's Service with questions. (Id.) Wells Fargo did not acknowledge receipt within 20 days and contacted Plaintiff to inform him that Wells Fargo would not be signing the acknowledgment by mail due to timing issues. (Id. ¶¶ 5 and 6.) Counsel then told Plaintiff that his next step would be to effect personal service by the U.S. Marshal's Service. (Id.)

On January 11, 2012, Wells Fargo received another acknowledgment dated January 5, 2012. (Id. ¶ 8.) In-house counsel signed this form on January 18, 2012 - at which time service became perfected. (Id. Ex. B.) It was then timely delivered to the U.S. Marshal's Service on January 25, 2012. (Id. ¶ 10.)

4

Thereafter, Wells Fargo filed its motion to dismiss on January 31, 2012 - 13 days after service was perfected.

The acknowledgment forms sent to Wells Fargo state that the Summons and Complaint were served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure. This Rule provides that service is permitted in accordance with Minnesota law as an alternative to service under Rule 4(c). Rule 4.05 of Minn. R. Civ. P. provides:

> In any action service may be made by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 22 and a return envelope, postage prepaid, addressed to the sender. If acknowledgment of service under this rule is not received by the sender within the time defendant is required by these rules to serve an answer, service shall be ineffectual.

Wells Fargo did not have to acknowledge service by mail. It chose not to acknowledge such service in response to the first notice sent due to timing issues. Wells Fargo could, and did, acknowledge service by mail when Plaintiff sent a second acknowledgment on January 5, 2012. Wells Fargo was not required to answer or otherwise plead within 20 days from January 5, 2012, however. Service is perfected under this method when the acknowledgment is executed, which in this case was on January 18, 2012. (Doc. No. 7.) Accordingly, Wells

5

Fargo was required to answer or otherwise plead within 20 days of January 18, 2012 - or February 8, 2012.  See Coons v. St. Paul Companies, 486 N.W.2d 771, 776 (Minn. Ct. App. 1992) (citing Young v. Mt. Hawley Ins. Co., 864 F.2d 81, 82 (8th Cir. 1988)) (finding that rules allowing for service by mail should be strictly construed, and that for service of mail to be effective, the acknowledgment form must be signed and returned within the proscribed time).  Because Wells Fargo filed its motion to dismiss on January 31, 2012, Wells Fargo timely filed its responsive pleading.

The motion for default judgment must be denied.

**MOTION TO DISMISS**

    **A.**    **Title VII Claims**

Wells Fargo has moved to dismiss the racial discrimination claim on the basis that it is time-barred.  Pursuant to statute, a plaintiff must file a lawsuit within 90 days from the receipt of the EEOC's dismissal and notice of right to sue.  42 U.S.C. § 2000e-5(f)(1); Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994).  The 90 day period begins to run from the date the letter was received by the charging party.  Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989).  The Court can presume that the charging party received

notice at the most recent address provided to the EEOC within three days after mailing. Baldwin County Welcome Ctr v. Brown, 466 U.S. 147, 148 n.1 (1984).

Here, the right to sue letter is dated April 8, 2011. Providing three days for mailing, the Court can presume he received the notice on April 11, 2011. Thus, to preserve his rights under Title VII, Plaintiff had to have filed this action on or before July 10, 2011. Plaintiff did not file this action until August 22, 2011. Plaintiff's claim of race discrimination is therefore time-barred.

### B. Breach of Contract

In the introductory paragraph of the complaint, Plaintiff asserts he is seeking damages for racial discrimination, breach of contract, defamation, forgery, fraud and wrongful termination. There are no other allegations that address a breach of contract claim, however. To the extent that Plaintiff is seeking damages under breach of contract, such claim must be dismissed under Rule 12(b)(6) for failure to state a claim for relief.

### C. Defamation

The allegations supporting Plaintiff's claim for defamation are also lacking. To prove a claim of defamation, a plaintiff must prove the following: " (a) a false and defamatory statement about the plaintiff; (b) in unprivileged publication to a

third party; (c) that harmed the plaintiff's reputation in the community." Weinberger v. Maplewood Review, 668 N.W.2d 667, 673 (Minn. 2003). Nowhere in the complaint does Plaintiff identify what statements were defamatory, or were published to third persons and that such statements harmed his reputation. Plaintiff does allude to a statement made to the EEOC that could be construed as defamatory - Plaintiff's failure to meet sales goals - but any statement made in judicial or quasi-judicial proceedings are protected by an absolute privilege. Mahoney & Hagberg v. Newgard, 729 N.W.2d 302, 306 (Minn. 2007). An administrative proceeding is a quasi-judicial proceeding to which the privilege extends. See Kellar v. VonHoltum, 568 N.W.2d 186, 191-92 (Minn. Ct. App. 1997) rev. denied (Oct. 31, 1997). More specifically, statements made to the EEOC in response to a charge are absolutely privileged. Stolarczyk v. Spherio Corp., Civ. No. 08-4678, 2009 WL 649698 (D. Minn. Mar. 11, 2009) (citing Matthis v. Kennedy, 243 Minn. 219, 67 N.W.2d 413, 417 (1954)).

**D. Forgery**

There is no cause of action based on forgery. Rather, forgery is a crime. Minn. Stat. § 609.63. Accordingly, to the extent that Plaintiff seeks relief for forgery, the claim should be dismissed.

8

### E. Fraud

Wells Fargo argues that to the extent Plaintiff is alleging a fraud claim, the claim must be dismissed pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. The elements of a claim of fraud are: "(1) there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffer pecuniary damage as a result of the reliance." Specialized Tours, Inc. v. Hagen, 392 N.W.2d 520, 532 (Minn. 1986). In addition, to adequately allege a fraud claim, the Plaintiff must plead the "'who, what, where, when, and how' of the alleged fraud." United States v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006).

Plaintiff has not sufficiently plead a claim for fraud. He does not allege who made a false representation, how the representation was false, when and where such statement was made, or how the fraud was committed. Accordingly, the claim should be dismissed.

## F. Punitive Damages

Finally, Plaintiff seeks punitive damages. Under Minnesota law, a plaintiff cannot seek punitive damages in an initial complaint. Rather, a plaintiff must move to amend the complaint to add such damages. Popp Telecom, Inc. v. Am. Sharecom, Inc., 361 F.3d 482, 491, n.10 (8th Cir. 2004). At this time, any claim for punitive damages must be dismissed.

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Default Judgment [Doc. No. 17] is DENIED; and

2. Defendant's Motion to Dismiss [Doc. No. 10] is GRANTED. This matter is dismissed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: September 6, 2012

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court